The PEOPLE of the State of Colorado, In the Interest of E.P.G. and A.A.G., Minors, By the PUEBLO COUNTY DEPARTMENT OF SOCIAL SERVICES and M.A.C., Mother, as Next Friends, Petitioners-Appellees,

and Concerning P.A.G., Respondent-Appellant.

No. 85CA1544.

Colorado Court of Appeals, Div. II.

Dec. 24, 1986.

Kevin K. Kubie, Sp. Asst. Co. Atty., Pueblo, for petitioners-appellees.

Christine A. Carney, Pueblo, for respondent-appellant.

VAN CISE, Judge.

This action was brought under the Colorado Child Support Enforcement Procedures Act, § 14–14–101, et seq., C.R.S. (1986 Cum.Supp.) by the Pueblo County Department of Social Services (Social Services) and M.A.C. (the mother) to recover from P.A.G. (the father) the amount of public assistance Social Services had paid to the mother for the benefit of E.P.G. and A.A.G., the father's children, and to obtain an order for future support payments to be made by him. After an evidentiary hearing, the trial court on July 12, 1985, entered judgment in favor of Social Services and against the father in the full amount it had paid during the period June 1982 through June 1985, $8,514, and ordered the father to pay $100 per month per child commencing in July 1985. The father appeals the $8,514 judgment. We affirm.

The father and mother never married and lived apart; the children lived with the mother. The father admitted paternity. There was no prior court order for these children's support.

The trial court found that the mother had received assistance from Social Services in varying amounts monthly from June through December 1982 and from September 1983 through June 1985. In that same time in 1982, the father paid $900 directly to the mother. In the last four months of 1983 he paid her a total of $425 and took care of a $67.13 dental bill. During that three year period, the father, because he sought the "best education" for his children, also paid the children's tuition at a private school, a total of $3,538, and he had committed himself for their tuition for the 1985–1986 school year. Additionally, he spent approximately $1,000 per year on appropriate clothing for the children's attendance at the private school.

Evidence submitted by the father showed that he was supporting, and sending to the same private school, another child living with him, and that he was contributing $50 a month, plus another $50 to make up delinquencies, for the support of a fourth child. During 1982 through 1985 his gross annual income was between $24,270 and $25,500.

Section 14–14–104(1), C.R.S. (1986 Cum. Supp.) provides:

"Any payment of public assistance ... for the benefit of any dependent child or children creates a debt ... by the parent or parents who are responsible for the support of the dependent child or children in an amount equal to the amount of public assistance so paid, except that:

. . . .

"(b) Where there has been no court order, the county department of social services ... may initiate a court action to establish the amount of child support debt accrued; and the court, after hearing and ... after taking into consideration all relevant factors including those referred to in section 14–10–115, may enter an order less than, equal to, or more than the amount of public assistance paid...."

In considering the factors set forth in § 14–10–115, C.R.S., the court held:

"Eligibility for public assistance, including Aid to Dependent Children, precludes other financial resources of the children or the mother. In the absence of evidence to the contrary, the Court presumes that the children have no unique physical or emotional need not provided by Medicaid during the relevant period. There has been no showing that the children have special educational needs;

rather father contends that he seeks "the best education" for his children and therefore provides for their education in a private school, together with clothing appropriate therefor.

"The issue here is whether a father may ignore children's needs for the basic necessities, such as housing, food, utilities, and medical care, and provide private schools and appropriate clothing to them, leaving them dependent on public assistance for the aforementioned basic necessities. An affirmative answer to the query would clearly violate public policy and is not in the best interest of the children here involved."

## I.

■ We disagree with the father's first contention that Social Services could recover only public assistance payments made for the benefit of the children and not for the mother. Section 14–14–104(7), C.R.S. (1986 Cum.Supp.) provides:

"When a portion of a public assistance grant, paid to or for the benefit of a dependent child, includes moneys paid to provide the custodial parent ... with necessities including but not limited to shelter, medical care, clothing, or transportation, then those moneys are deemed to be paid to or for the benefit of the dependent child."

That statute is dispositive of this issue.

## II.

■ The father next contends that the trial court erred in not crediting him with the direct support payments made to the mother and with the amounts he spent on schooling and clothing. We do not agree.

The private school tuition and clothing appropriate thereto do not qualify as necessities furnished by the father. The direct payments were made during the period when the amounts of monthly public assistance varied between $82 and $320 in 1982 and $84 and $336 in 1983.

Here, under § 14–14–104(1)(b), C.R.S. (1986 Cum.Supp.), the trial court in its discretion, could have awarded "less than, equal to, or more than the amount of public assistance paid." Under the circumstances of this case, the court did not abuse its discretion in entering a judgment "equal to" the amount paid.

## III.

The other contentions of the father are without merit.

Judgment affirmed.

KELLY and STERNBERG, JJ., concur.